UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GATLIN WAYNE HERRERA,<br><br>Defendant. | 4:22-CR-40036-KES<br><br>REPORT AND RECOMMENDATION |

    This matter came before the court for a change of plea hearing on Thursday, November 30, 2023. The defendant, Gatlin Wayne Herrera, appeared in person and by his counsel, the Assistant Federal Public Defender. The United States appeared by its Assistant United States Attorney.

    The defendant consented in open court to the change of plea before a United States Magistrate Judge. This court finds that the defendant's consent was voluntary and upon the advice of counsel. The government also consented to the plea hearing before a magistrate judge. Further, the parties waived their right to object to the report and recommendation.

    The plea agreement contemplates that Mr. Herrera would waive his right to an indictment and plead guilty to a superseding information. The defendant signed a waiver of his right to an indictment. Upon questioning the defendant

in open court, this court finds the defendant's waiver of his right to an indictment was voluntary, knowing and intelligent.

Defendant has reached a plea agreement wherein he intends to plead guilty to the superseding information which charges him with attempted receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2)(A) and (b)(1). At the hearing, the defendant was advised of the nature of the charges to which the defendant would plead guilty and the maximum penalties applicable, specifically: a mandatory minimum of 5 years' imprisonment and up to a maximum of 20 years' imprisonment; a $250,000 fine; or both; a mandatory minimum period of 5 years and up to lifetime on supervised release; an additional 2 years' imprisonment if supervised release is revoked, but if his supervised release is revoked because of a new violation of chapter 109A (sexual abuse), chapter 110 (sexual exploitation of children), chapter 117 (transportation for illegal sexual activity and related crimes), section 1201 (kidnapping), or section 1591 (sex trafficking of children or by force, fraud, or coercion), the revocation sentence may be a mandatory minimum of 5 years' imprisonment and can be up to lifetime imprisonment; forfeiture; restitution; and a $5,100 special assessment.

Upon questioning the defendant personally in open court, it is the finding of the court that the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that his plea of guilty to the superseding information is a knowing and voluntary plea supported by an independent

basis in fact containing each of the essential elements of the offense. It is my report and recommendation that the defendant's plea of guilty be accepted and that he be adjudged guilty of that offense.

    DATED this 30th day of November, 2023.

BY THE COURT:

*/s/ Veronica L. Duffy*

VERONICA L. DUFFY
United States Magistrate Judge